**Mounzer Anis BADAOUI–NAJJAR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70735.

Agency No. A70–064–534.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

MEMORANDUM[2]

Mounzer Anis Badaoui–Najjar ("Petitioner") petitions for review of the May 23, 2000, decision of the Board of Immigration Appeals ("BIA") which denied his motion to reopen in order to apply for suspension

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

of deportation. Petitioner was served with an order to show cause ("OSC") on February 13, 1995, approximately two years after he entered the United States. The BIA denied Petitioner's application for suspension of deportation because Petitioner had failed to meet the continuous physical presence requirement before being served with the OSC and thus was statutorily ineligible for suspension.

Petitioner contends that he was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625—bars such relief in his case. Petitioner's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001).

We do not consider Petitioner's remaining issues seeking to challenge the BIA's earlier denial of his requests for asylum and withholding of deportation, since Petitioner failed to file a petition for review from the BIA's prior decision. We also do not consider Petitioner's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

PETITION FOR REVIEW DENIED.